

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50165 | **DATE** | 6/17/2004 |
| **CASE TITLE** | WICHMAN vs. UNITED PARCEL SERVICE, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, the court grants defendant's motion to dismiss under Rule 12(b)(1). Having dismissed this case pursuant to Rule 12(b)(1), the court need not decide the Rule 12(b)(6) motion. This case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | 6-18-04 date docketed | 11 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 6-18-04 date mailed notice | |
| | Copy to judge/magistrate judge. | | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Lynn Wichman, filed a single count complaint in the Circuit Court of Ogle County against defendant, United Parcel Service, Inc., to confirm an arbitration award that plaintiff's union, Teamsters Local No. 710, reached with defendant regarding money owed to him for earnings accrued during vacation times. Defendant removed the case, alleging that plaintiff's claim arises under §301 of the Labor Relations Management Act ("LRMA"), 29 U.S.C. §185, giving this court jurisdiction pursuant to 28 U.S.C. §1331. Defendant, in turn, moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of standing and pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The court will address the Rule 12(b)(1) motion first.

On a motion to dismiss pursuant to FRCP 12(b)(1), "the court is not bound to accept the truth of the allegations in the complaint." Hay v. Indiana State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002). "If a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." Am. Fed'n of Gov't Employees v. Cohen, 171 F.3d 460, 465 (7th Cir. 1999).

When employees are represented by a union they are not parties to either a collective bargaining agreement or any union-company arbitration. Cleveland v. Porca Co., 38 F.3d 289, 296 (7th Cir. 1994). As a result, employees generally cannot confirm an arbitration award in court. Id. However, an exception to this rule exists which allows an employee to confirm a union-company arbitration award, but only if the employee states a claim for a Section 301 fair representation case against the union. Id. To successfully allege a Section 301 claim, the employee needs to allege that the union's actions were "arbitrary, discriminatory, or in bad faith." Neal v. Newspaper Holdings, Inc., 349 F.3d 363, 369 (7th Cir. 2003).

It is uncontroverted that plaintiff was represented by his union when the arbitration award was issued. As a result, plaintiff was not a party to the union-company arbitration and cannot seek to confirm the arbitration award in court. While an exception exists for employees represented by unions to confirm arbitration awards, the exception cannot be applied in the present case because Wichman has not alleged that the union's actions, as they apply to him, were arbitrary, discriminatory, or conducted in bad faith. Consequently, Wichman has not sufficiently alleged a fair representation claim pursuant to Section 301, precluding his ability to use the exception articulated in Cleveland and Neal.

Because plaintiff cannot establish standing to confirm the arbitration award in court, the court grants defendant's motion to dismiss under Rule 12(b)(1). Having dismissed this case pursuant to Rule 12(b)(1), the court need not decide the Rule 12(b)(6) motion.